a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUIS ANTONIO MIZHIRUMBAY TACURI,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-754-P |
| VERSUS | JUDGE DEE D. DRELL |
| STANLEY CROCKETT, ET AL.,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 2) filed by pro se Petitioner Luis Antonio Mizhirumbay Tacuri ("Tacuri") (#A088-427-175). Tacuri is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"), detained at the Alexandria Staging Facility in Alexandria, Louisiana.

Because this Court lacks jurisdiction to review Tacuri's removal order or to enjoin his removal from the United States, his Motion (Doc. 2) should be DENIED and his Petition (Doc. 1) should be DISMISSED.

I. Background

Tacuri seeks to enjoin his removal from the United States. (Docs. 1, 2).

II. Law and Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." Kokkonen v. Guardian Life Ins.

Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. See Hartford Ins. Group v. Lou–Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Accordingly, Tacuri must prove that jurisdiction exists. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007); see also INA § 242(a)(5), 8 U.S.C. § 1252(a)(5), as amended by REAL ID Act § 106(a) ( "Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . ."); INA § 242(b)(9), 8 U.S.C. § 1252(b)(9), as amended by REAL ID Act § 106(a)(2) ("Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision . . . to review such an order or such questions of law or fact."). Tacuri's challenge to the DHS/ICE's ability to remove him pursuant to an order of removal is, in itself, a challenge to the order of removal, over which this Court lacks jurisdiction.

Moreover, the Fifth Circuit has specifically held that district courts lack jurisdiction to consider requests for a stay of removal proceedings. Idokogi v. Ashcroft, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore

correctly determined that it lacked jurisdiction to stay the order of removal."); Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay. . . ."). Nothing about Tacuri's Motion or circumstances falls beyond the scope of this binding line of precedent.

Therefore, this Court lacks jurisdiction to review the validity of Tacuri's order of removal, or to enjoin DHS/ICE from removing Tacuri from the United States.

### III. Conclusion

Because this Court lacks jurisdiction to review Tacuri's removal order or to enjoin DHS/ICE from removing him from the United States, IT IS RECOMMENDED that Tacuri's Motion (Doc. 2) be DENIED, and that his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Tacuri's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

3

objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 14th day of June, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge